IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2021 MAR 12 P 5:47

| | | |
|---|---|---|
| ELLEN DORSEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:21−cv−219 |
| | ) | |
| DOLGENCORP, LLC dba | ) | |
| DOLLAR GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Dolgencorp, LLC ("Dolgencorp"), pursuant to 28 U.S.C. §§ 1332,

1441, and 1446, hereby gives notice of the removal of this action from the Circuit

Court for Pike County, Alabama, to the United States District Court for the Middle

District of Alabama, Northern Division. As addressed below, diversity jurisdiction

exists in this action pursuant to 28 U.S.C. §§ 1332(a). In support of this removal,

Dollar General states as follows:

## INTRODUCTION

1.      Plaintiff initiated this action on February 6, 2021, by filing a Complaint

against Dolgencorp in the Circuit Court for Pike County, Alabama, Case No. 55-

CV-2021-900014.00. (Compl., attached hereto as Exhibit "A"). Plaintiff's claims

arise from an alleged injury that purportedly occurred while Plaintiff was upon the

{B3756040}

premises of Dolgencorp on or about March 19, 2020. *Id.* Plaintiff asserts claims for negligence and wantonness. *Id.*

2.      Dolgencorp denies each and every material allegation of wrongdoing in the Complaint.

3.      Removal of this case is proper because: (1) this notice is filed within thirty (30) days of service of process on Dolgencorp; (2) there is complete diversity of citizenship among the properly named parties; and (3) the amount in controversy, exclusive of costs and interest, exceeds $75,000.00.

4.      Venue is also proper in this Court because the Northern Division of the Middle District of Alabama encompasses Pike County, Alabama where the state court case was filed. *See* 28 U.S.C. §1441(a).

## GROUNDS FOR REMOVAL

**A.      The Removal is Timely.**

5.      The "notice of removal of a civil action … shall be filed within 30 days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading …." 28 U.S.C. § 1446(b).

6.      Service of the Complaint was perfected on Dolgencorp on February 10, 2021. This Notice of Removal is filed within thirty (30) days of service of the Complaint on Dolgencorp.

{B3756040}

**B.      There is Complete Diversity of Citizenship Between the Parties.**

7.      Removal is appropriate in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  The district courts of the United States have original jurisdiction over this matter because the suit is between "citizens of different States" as required by 28 U.S.C. §1332(a)(1).

8.      Pursuant to the Complaint, Plaintiff Ellen Dorsey has been a resident and citizen of Pike County, Alabama. (Ex. A, Compl. ¶ 1). Defendant Dolgencorp is a limited liability company incorporated under the Commonwealth of Kentucky, with its principal place of business in Goodlettsville, Tennessee.[1] For purposes of determining diversity, a limited liability company is a citizen of any state of which a member of the company is a citizen. *See* 28 U.S.C. § 1332(a). The sole member of Dolgencorp, LLC is Dollar General Corporation ("Dollar General"). A corporation is a citizen of the state of its incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1).  Dollar General is a foreign corporation incorporated under the Commonwealth of Kentucky, with its principal place of business in Goodlettsville, Tennessee. Therefore, Plaintiff and Defendant are citizens of different states and complete diversity exists among the parties.

---

[1] Dolgencorp reserves the right to supplement this Notice of Removal with an Affidavit of Citizenship if the Court so requires.

**C.   The Amount-in-Controversy Exceeds the Sum of $75,000.00.**

9.   "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations."[2] *Id.*

10.   Plaintiff has made a claim for compensatory and punitive damages for the alleged negligence and wantonness of Dolgencorp. (Ex. A, Compl). Although Plaintiff makes no specified demand in his Complaint, it is clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Attached is a detailed letter dated November 12, 2020, received by Defendant from Plaintiff's counsel, making a demand for $125,000.00, which is well in excess of the jurisdictional requirement. (*See* Ltr., attached hereto as Exhibit "B".)

---

[2] In such cases, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza, II, Inc.,* 608 F.3d 744, 752 (11th Cir. 2010). "[T]he court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* at 754. However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.* at 754. Indeed, "[t]he law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." *Id.; see also Roe v. Michelin N. Am. Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "Now, as a result of the amendments to § 1446 and Eleventh Circuit decisions such as *Pretka* ..., courts are permitted, and indeed required, to approach the amount-in-controversy question by making 'reasonable deductions, reasonable inferences, or other reasonable extrapolations.'" *Geodesic Consulting, LLC v. BBVA USA Bancshares, Inc.,* 2015 WL 4985474, at *1 (N.D. Ala. Aug. 20, 2015) (quoting *Pretka*).

11.   The 11th Circuit has recognized that settlement demands may constitute sufficient evidence of the amount in controversy requirement. *See e.g., Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007), *cert. denied,* 128 S. Ct. 2877 (2008) (recognizing that a demand letter establishing the amount in controversy constitutes "other paper" upon which removal may be based).

12.   Thus, jurisdiction is proper in this Court, and removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## CONCLUSION

13.   The prerequisites for removal under 28 U.S.C. § 1441 have been met, and a copy of this Notice of Removal is being served on Plaintiff and filed with the Circuit Court For Pike County, Alabama.[3] (Copies of all pleadings, process and the entire Circuit Court file For Pike County, Alabama are attached hereto as Exhibit "C").

14.   Dolgencorp respectfully requests the opportunity to brief and argue before this Honorable Court any issue or question concerning the removal of this case in the event remand is sought by Plaintiff or otherwise visited by the Court.

---

[3] Although Plaintiff has identified fictitious parties, fictitious party practice is not permitted in U.S. District Courts, and fictitious defendants are not considered for removal purposes. *See GMFS, L.L.C. v. Bounds,* 275 F. Supp. 2d 1350, 1352-54 (S.D. Ala. 2003) and 28 U.S.C. § 1441(a).

WHEREFORE, PREMISES CONSIDERED, Defendant Dolgencorp, LLC, desiring to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, being the district of said Court for the county in which said action is pending, prays that the filing of this Notice of Removal with the Clerk of the Circuit Court For Pike County, Alabama, shall affect a removal of said suit to this Court.

Respectfully submitted,

G. Matthew Keenan (4664-G63K)
STARNES DAVIS FLORIE, LLP
Seventh Floor, 100 Brookwood Place
Birmingham, Alabama 35209
Phone:  (205) 868-6000
Fax:  (205) 868-6099
mkeenan@starneslaw.com
*Attorney for Dolgencorp, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2021, the foregoing was filed conventionally via hand delivery to the Court and served on the following counsel of record via U. S. Mail, postage prepaid:

Jonathan S. Bedwell, Esq.
SLOCUMB LAW FIRM, LLC
3500 Blue Lake Dr., Suite 450
Birmingham, AL 35243

OF COUNSEL

{B3756040}